**Stephen E. ABERNATHY,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 23A01–0601–CR–40.**

Court of Appeals of Indiana.

Aug. 23, 2006.

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1.  Ind.Code § 35–42–4–9(A)(1) (2004).

## OPINION

SHARPNACK, Judge.

Stephen Abernathy appeals the trial court's revocation of his probation. Abernathy raises one issue, which we restate as whether the trial court abused its discretion by ordering Abernathy to serve his three-year suspended sentence. We affirm.

The relevant facts follow. In September of 2001, Abernathy's fourteen-year-old daughter accused him of fondling her while she spent the night at his home on two different occasions. On October 5, 2001, the State charged Abernathy with the following offenses: (1) Count I, sexual misconduct with a minor as a class B felony,[1] and (2) Count II, sexual misconduct with a minor as a class C felony.[2] Additionally, the State filed an habitual offender information. Pursuant to a plea agreement, Abernathy agreed to plead guilty to Count II, sexual misconduct with a minor as a class C felony, in exchange for the State dismissing Count I, sexual misconduct with a minor as a class B felony, and the habitual offender charge. The plea agreement also provided:

> 6.  At the time of taking of the guilty plea, and again at the time of the defendant's sentencing, the State will make no recommendation as to the sentence to be imposed on the defendant, except as follows: *Sentencing left to the court and parties reserving right to argue at sentencing. The executed portion of the sentence in the Indiana Department of Correction shall not exceed five years.*

Appellant's Appendix at 56–57. The trial court accepted the plea agreement. Thereafter, on January 31, 2002, the trial court sentenced Abernathy to eight years in the Indiana Department of Correction,

2.  Ind.Code § 35–42–4–9(B)(1) (2004).

with five years executed and three years probation through a community corrections program.

On December 15, 2003, Abernathy filed a petition for post-conviction relief challenging, among other things, the validity of his sentence under the terms of the plea agreement. On January 2, 2004, the trial court denied Abernathy's petition for post-conviction relief and instead treated his petition as a petition to modify sentence. Subsequently, the trial court modified its January 31, 2002 sentencing order and re-sentenced Abernathy to eight years, with five years executed and three years probation. The trial court further ordered that the first two years of probation were to be served though a community corrections program and the last year on supervised probation.

Abernathy filed a direct appeal with this court alleging that the trial court's denial of his petition for post-conviction relief was erroneous. On November 19, 2004, this court held that the trial court did not have the authority to order probation through a community corrections program as it would exceed the five-year cap on executed time provided for in the plea agreement. *Abernathy v. State*, 818 N.E.2d 153, No. 23A01-0401-PC-51, slip op. at 6 (Ind.Ct.App. Aug. 19, 2004). This court instructed the trial court that, on remand, it could correct or vacate the portion of Abernathy's sentence that exceeded the terms of the plea agreement. *Id.* at 6. On March 18, 2005, the trial court resentenced Abernathy to eight years, with five years executed and three years of supervised probation; he was released and placed on probation that day.

On October 18, 2005, the State filed a notice of probation violation. During the probation revocation hearing held on December 13, 2005, the trial court heard evidence that Abernathy had failed to report to probation after August 22, 2005, and that he tested positive for marijuana use during August 2005. Subsequently, the trial court found Abernathy had violated the terms of his probation and imposed the previously suspended three-year portion of his sentence.

The sole issue is whether the trial court abused its discretion by ordering Abernathy to serve his three-year suspended sentence. Abernathy argues that the trial court's imposition of a three-year sentence following revocation of his probation was error because it was contrary to the plea agreement as accepted by the trial court following his guilty plea. Specifically, Abernathy argues that the trial court violated the terms of his plea agreement, which provided among other things, that his sentence was not to exceed five years executed.

■■■ A plea agreement is contractual in nature, binding the defendant, the State, and the trial court. *Kopkey v. State*, 743 N.E.2d 331, 340 (Ind.Ct.App.2001), *trans. denied.* The trial court is given the discretion to accept or reject a plea agreement, and, if it accepts the agreement, it is strictly bound thereby. *Crump v. State*, 740 N.E.2d 564, 573 (Ind.Ct.App.2000), *trans. denied.* Furthermore, upon acceptance of such an agreement, the trial court is precluded from imposing any sentence other than that required by the plea agreement. *Pritscher v. State*, 675 N.E.2d 727, 732 (Ind.Ct.App.1996); *see also* Ind.Code § 35-35-3-3(e) ("If the court accepts a plea agreement, it shall be bound by its terms.").

Abernathy argues that because the trial court was bound by the terms of the plea agreement when sentencing him in his guilty plea hearing, it was also bound by the plea agreement when sentencing him in his probation revocation proceeding. Specifically, he argues that the trial court could not impose his three-year suspended

because his plea agreement provided that his executed sentence would not exceed five years.

The State argues that the trial court properly ordered Abernathy to serve his entire three-year suspended sentence because the trial court had statutory authority, pursuant to Ind.Code § 35–38–2–3, to revoke Abernathy's probation and order an executed sentence upon finding that Abernathy had violated his probation. Ind.Code § 35–38–2–3(g)(3) provides that upon finding that a defendant has violated a condition of probation, the trial court may "order execution of all or part of the sentence that was suspended at the time of initial sentencing."

■ We review a trial court's decision to revoke probation and a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct.App.2005), *trans. denied.* An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Brattain v. State*, 777 N.E.2d 774, 776 (Ind.Ct.App.2002). "When reviewing a trial court's decision to order a defendant's previously suspended sentence to be executed after revoking probation, we will not review the propriety of an original sentence." *Johnson v. State*, 692 N.E.2d 485, 488 (Ind.Ct.App.1998). However, a defendant "is entitled to dispute on appeal the terms of a sentence ordered to be served in a probation revocation proceeding that differ from those terms originally imposed." *Stephens v. State*, 818 N.E.2d 936 (Ind.2004).

■ Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment. *Brabandt v. State*, 797 N.E.2d 855, 860 (Ind.Ct.App. 2003) (citing *Bonner v. State*, 776 N.E.2d 1244, 1247 (Ind.Ct.App.2002), *trans. de-*

*nied.*) These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. *Id.* As we have noted on numerous occasions, a defendant is not entitled to serve a sentence in a probation program; rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Strowmatt v. State*, 779 N.E.2d 971, 976 (Ind.Ct.App.2002); *Davis v. State*, 743 N.E.2d 793, 794 (Ind.Ct.App.2001), *trans. denied.*

■ Generally speaking, as long as the trial court follows the procedures outlined in Ind.Code § 35–38–2–3, the trial court may properly order execution of a suspended sentence. *Crump v. State*, 740 N.E.2d 564, 573 (Ind.Ct.App.2000). Ind. Code § 35–38–2–3(g) provides:

If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may:

(1) continue the person on probation, with or without modifying or enlarging the conditions;

(2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or

(3) order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind.Code § 35–38–2–3(g) (2004). In the instant case, Abernathy does not allege that the trial court improperly found him to be in violation of the terms of his probation when he failed to report and when he tested positive on a drug screen. Rather, Abernathy alleges that while the trial court does have the authority generally, pursuant to Indiana Code Section 35–38–2–3(g), to order execution of a sentence

that was initially suspended, that authority can be limited by a plea agreement that places a cap on the executed sentence. We must disagree.

Abernathy is correct in stating that a plea agreement is binding in regard to a trial court's authority to initially sentence a defendant. Thus, the sentence a trial court imposes pursuant to a plea agreement must be in conformity with the terms of such plea agreement, including any caps on executed sentences. Here, pursuant to Ind.Code § 35–35–3–3(e), the trial court was bound by the terms of the plea agreement. Abernathy's plea agreement stated that sentencing was to be left entirely within the trial court's discretion, only to be limited by the five-year executed sentence cap. Thus, Abernathy agreed that the trial court retained discretion in sentencing matters.

The trial court accepted the plea agreement and in conformity with its terms, ordered Abernathy to serve a five-year executed sentence with three years of supervised probation. Accordingly, the trial court's initial sentence complied with the terms of the plea agreement. *See Page v. State,* 706 N.E.2d 230, 231, 233 (Ind.Ct.App.1999) (holding that the trial court's imposition of a ten-year sentence with two years executed and eight years suspended was in accordance with terms of a plea agreement providing that the defendant was to receive a sentence of no more than six years executed), *trans. denied.*

Because it was within the trial court's discretion pursuant to the plea agreement to order Abernathy to serve probation, he implicitly agreed to comply with the terms of any such probation and to the imposition of sanctions or consequences for violating probation. Abernathy, however, violated his probation by failing to report to the probation department and testing positive for marijuana use; and he does not dispute that the trial court properly found him to be in violation of the conditions of his probation. Thus, upon Abernathy's probation violation, the trial court was required to look to the terms of the probation revocation statute, for the potential consequences to be imposed for his violation of probation. Under the statutory authority under Ind. Code § 35–38–2–3(g), three sanctions are available to the trial court for probation violations: 1) continue the person on probation with no modifications to the probationary conditions, 2) extend the probationary period, or 3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind.Code § 35–38–2–3(g). Therefore, when the trial court ordered Abernathy to serve out his previously suspended three-year sentence, it was acting within the statutory authority of available sanctions for violations of probation. The mere fact that Abernathy had a plea agreement which controlled at the time of initial sentencing in no way modified the trial court's statutory authority under Ind.Code § 35–38–2–3(g)(3) to order execution of a suspended sentence following a probation violation.

Furthermore, the imposition of the suspended sentence did not modify the initial sentence imposed. In all respects, the initial sentence the trial court imposed was in conformity to the terms of the plea agreement. The imposition of the previously suspended sentence was merely a consequence of Abernathy's violation of the terms of his initial sentence, which included supervised probation. Thus, it was Abernathy's violation of probation that resulted in the statutorily authorized sanctions against him. *See Chism v. State,* 807 N.E.2d 798, 804 (Ind.Ct.App.2004) (held that if probation is ordered pursuant to a guilty plea, the defendant is bound by the plea agreement and must submit to any

terms of probation; otherwise, the defendant has breached the plea agreement).

■ Abernathy also contends that under Ind.Code § 35–38–2–3(g), other possible sanctions were available to the trial court, namely continuing probation with additional conditions or extending the probationary period. Ind.Code § 35–38–2–3(g)(1) & (2). Thus, Abernathy maintains that he could still have been effectively sanctioned for his probation violation without facing the additional term of the suspended sentence. Although Abernathy's contention is true, ultimately it is the trial court's discretion as to what sanction to impose under the statute. Furthermore, as the State argues, if the trial court were to exercise other sanction options more liberally, the "grace of probation" would be rendered meaningless. Probation violators would be less apt to modify their behavior and abide by the terms of probation in the absence of a need to avoid the imposition of a suspended sentence. As such, we conclude the trial court did not abuse its discretion by ordering Abernathy to serve his three-year suspended sentence. *See, e.g., Sandlin v. State,* 823 N.E.2d 1197, 1198 (Ind.2005) (affirming the trial court's decision to order the defendant to serve his entire four-year suspended sentence); *Sanders v. State,* 825 N.E.2d 952, 957 (Ind.Ct.App.2005) (holding that the trial court did not abuse its discretion by ordering the defendant to serve her suspended sentence), *trans. denied.*

For the foregoing reasons, we affirm the trial court's revocation of Abernathy's probation.

Affirmed.

NAJAM, J. and ROBB, J. concur.