**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**HUGH N. TAYLOR**
Hugh N. Taylor, P.C.
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN G. FRALEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 76A03-1112-CR-565 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STEUBEN SUPERIOR COURT
The Honorable William C. Fee, Judge
Cause No. 76D01-0909-FD-934

**June 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Steven G. Fraley appeals from the trial court's order revoking his probation. The following restated issue is presented for our review: Was there sufficient evidence to support the trial court's order revoking Fraley's probation?

We affirm.

Fraley pleaded guilty to one count of class D felony theft and was sentenced to 545 days imprisonment with 455 days suspended to probation. One of the terms of his probation, which began on March 22, 2010, was that he report to his probation officer "at least once a month or as directed by such officer." *Appellant's Appendix* at 26.

On June 27, 2011, the probation department filed a motion for revocation of probation alleging that Fraley had failed to report to the probation department as directed, failed to report for a scheduled appointment on June 16, 2011, and failed to contact the probation department to reschedule the appointment. The trial court held a hearing on August 29, 2011, for which Fraley appeared late. The probation department filed a second motion for revocation, alleging that Fraley "failed to contact the probation department to schedule an appointment as directed by probation following his last court hearing." *Id*. at 18.

An evidentiary hearing was held on both motions for revocation. Probation department records indicated that Fraley had not reported to the probation department as directed. Notes taken by his probation officer "indicated that he was non-compliant in most all terms of his probation." *Transcript* at 6. Probation Officer Christian Sallows testified from Fraley's probation officer's notes at the hearing. Another probation officer, Kimberly Hutchins, also testified at the hearing and was more familiar with Fraley's case. She testified that she was in court for the August 29, 2011 hearing on Fraley's first motion for probation

2

revocation and "personally gave Mr. Fraley [Officer] Feller's card and directed him to report to the probation department to schedule an appointment to meet with [Officer] Feller because he had failed to report as directed previously." *Id*. at 9. Fraley did not report to probation to schedule the appointment.

At the conclusion of the hearing, the trial court found that the State established by a preponderance of the evidence that Fraley had violated his probation. Fraley was sentenced to a term of 365 days executed with 60 days credit time. Fraley now appeals.

The decision to revoke probation is within the sound discretion of the trial court, and the trial court's decision is reviewed on appeal only for abuse of that discretion. *Woods v. State,* 892 N.E.2d 637 (Ind. 2008). When conducting our review, we consider only the evidence most favorable to the judgment and do not reweigh the evidence or judge the credibility of the witnesses. *Id*. If there is substantial evidence of probative value supporting the determination that a defendant has violated any terms of probation, we will affirm the decision to revoke. *Id.* The State must prove the probation violation by a preponderance of the evidence. Ind. Code Ann. § 35-38-2-3(e) (West, Westalaw current through legislation effective May 31, 2012).

Generally, as long as the trial court follows the procedures outlined in I.C. § 35–38–2–3, it may properly order execution of a suspended sentence. *Abernathy v. State,* 852 N.E.2d 1016 (Ind. Ct. App. 2006). I.C. § 35–38–2–3(g) provides that upon finding a violation of probation, a trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." *See also Stephens v. State,* 818 N.E.2d 936 (Ind. 2004).

After revoking probation, a trial court may execute all or part of the previously suspended sentence, subject to certain restrictions not applicable here. Our Supreme Court has described the appellate review of sentences imposed for probation violation as follows:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007) (internal citations omitted).

The record establishes that one of the conditions of Fraley's probation was that he contact the probation department to schedule appointments and to report to his probation officer as directed. The evidence before the trial court established that Fraley had not reported to his probation officer, missed a scheduled appointment, and failed to reschedule that appointment. After the first motion to revoke his probation was filed, Fraley was arrested and brought before the trial court for a hearing. At the conclusion of the hearing, another probation officer present at the hearing provided him with his probation officer's business card and instructed him to contact her and schedule an appointment. Fraley did not do so.

Fraley does not dispute that he failed to contact the probation department and that he failed to schedule an appointment. Instead, he challenges the credibility of the witnesses, one of which had not met Fraley, but had reviewed his file, and neither of which were Fraley's

4

probation officer. This challenge, however, invites this court to reweigh the evidence and reassess the credibility of the witnesses, tasks we are forbidden to undertake. *Woods v. State,* 892 N.E.2d 637 (Ind. 2008). The probation department records from which Probation Officer Sallows testified were direct evidence that Fraley had not reported to probation as directed. Fraley was able to cross-examine both probation officers to show their familiarity, or lack thereof, with Fraley's probation records and the allegations against him.

In addition, to the extent that Fraley may be arguing that he was denied the right to confront and cross-examine witnesses, we disagree with that assertion. The Indiana Rules of Evidence, including the rules against hearsay, do not apply in probation revocation proceedings. Ind. Evidence Rule 101(c)(2). The probation department records from which Probation Officer Sallows testified are hearsay, but were direct evidence that Fraley had not reported to probation as directed. Fraley was able to cross-examine both probation officers to show their familiarity, or lack thereof, with Fraley's probation records and the allegations against him. Fraley did not object to the admission of the testimony derived from those documents and cross-examined the witnesses testifying from those documents.

The trial court did not abuse its discretion in finding that sufficient evidence existed to establish that Fraley violated the conditions of his probation. Furthermore, the trial court did not abuse its discretion in imposing the sentence selected for that violation.

Judgment affirmed.

MAY, J., and BARNES, J., concur.