**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 27 2014, 6:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PAUL J. PODLEJSKI**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLAYTON MORGAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1306-CR-498 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David Happe, Judge
Cause No.48C04-1206-FD-1216

**January 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Clayton Morgan appeals the revocation of his probation. He argues the trial court abused its discretion when it ordered him to serve his entire previously-suspended sentence. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On November 5, 2012, Morgan pleaded guilty to Class D felony possession of a controlled substance[1] and Class A misdemeanor possession of marijuana.[2] The trial court sentenced him to eighteen months in the Department of Correction for the felony and to a concurrent twelve months for the misdemeanor. The trial court suspended the sentence and placed Morgan on eighteen months of supervised probation.

On April 25, 2013, the State alleged Morgan violated the terms of his probation by committing burglary and theft. Morgan denied these allegations. At an evidentiary hearing, Katherine Vardaman testified she hired Morgan to perform odd jobs around her property. Morgan did not have a key to Vardaman's house. Vardaman noticed items were missing from her house, and on April 15, 2013, while Vardaman was in the hospital, she asked Kimberly Edgell to check on the house. When Edgell arrived at Vardaman's house, she saw Morgan's van. Morgan was not supposed to be there until the next day, when he was scheduled to mow the lawn. Edgell saw someone moving around inside the house and then saw Morgan leave through the back door. Morgan told Edgell not to be alarmed, that it was him. He then left in his van.

Edgell found the back door unlocked. She checked the drawer where Vardaman

---

[1] Ind. Code § 35-48-4-7.
[2] Ind. Code § 35-48-4-11.

2

kept her medications and noticed a bottle of Oxycodone was missing. Edgell went to Morgan's house and confronted him about the missing medicine. Morgan pulled the Oxycodone out of his pocket and handed it to Edgell. When Edgell asked Morgan where the rest of the medication was, he initially told her it was all there, but then he pulled another bottle out of his pocket and gave it to Edgell. Morgan called Vardaman to complain that she had sent Edgell to his house. During that conversation, Morgan admitted he had a key to her house and had taken her Oxycodone.

The trial court found Morgan violated his probation. During the sanctions portion of the hearing, Morgan's wife testified that she had serious medical issues and Morgan was the sole provider for the family. Morgan's probation officer testified that Morgan had no other reported violations of probation, that he had not failed any drug screens, and that his conduct had been satisfactory. The trial court noted that Morgan did not show remorse or accept any responsibility. It found Morgan violated his probation by committing theft and burglary and adopted the State's recommendation that his suspended sentence be revoked.

## DISCUSSION AND DECISION

If a court finds that a person has violated a condition of his probation, it may (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the probationary period; or (3) order execution of all or part of the sentence that was suspended. Ind. Code § 35-38-2-3. We review a probation revocation for an abuse of discretion; we may therefore reverse only when the decision is clearly against the logic and effect of the facts and circumstances. *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006). Morgan argues the trial court abused its discretion in ordering execution of

3

the sentence because this was his first probation violation, he had otherwise been satisfactorily completing his probation, and his incarceration would cause hardship to his family.

The trial court acted within its discretion under Ind. Code § 35-38-2-3 when it found by a preponderance of the evidence Morgan committed the new offenses and ordered the suspended sentence be served. Morgan had been on probation for only about six months before he took prescription pain medication from his employer's house. Vardaman had helped Morgan by giving him money for his family, and Morgan violated the trust that Vardaman placed in him by entering her house without her permission. We decline Morgan's request to reweigh the evidence, and cannot find an abuse of discretion.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.