## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 05 2015, 7:02 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kenneth E. Biggins
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Wynford Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 5, 2015

Court of Appeals Cause No.
49A02-1407-CR-520

Appeal from the Marion Superior Court
Cause No. 49G21-1312-CM-081564

The Honorable Gary Miller, Judge

**Barnes, Judge.**

## Case Summary

Wynford Jones appeals the revocation of his probation and reinstatement of his suspended sentence. We affirm.

## Issue

The issue is whether the trial court abused its discretion in revoking Jones's probation and ordering him to serve his suspended sentence of 319 days.

## Facts

On December 30, 2013, Jones was involved in a domestic dispute with his girlfriend, N.Y., in which he grabbed her hair and pulled her head toward his waist, applying pressure to her neck. On January 22, 2014, Jones pled guilty to Class A misdemeanor domestic battery and was sentenced to 365 days incarceration, with a suspended sentence of 319 days on probation. The order required that Jones pay a court-ordered fee, complete twenty-six weeks of domestic violence classes, refrain from new criminal charges, and be subjected to random drug screens and GPS monitoring. Additionally, Jones was prohibited from making contact with N.Y.

On April 16, 2014, the probation department filed a notice alleging that Jones had violated several conditions of his probation. The notice stated that Jones was arrested and charged with invasion of privacy and resisting law enforcement on April 10, 2014, and that he violated the no-contact order, did not attend domestic violence counseling, failed to pay the court-ordered

financial obligation, and failed to submit to several mandatory drug screenings. An amended notice also alleged that Jones was arrested on May 29, 2014, and charged with four criminal counts.

[5] At the probation violation hearing on July 2, 2014, Jones admitted to all alleged probation violations except the May 29 criminal charges, which had been dismissed. Jones also acknowledged that he pled guilty and was convicted of the April 16 resisting law enforcement charge. Megan Morguson of the Marion County Probation Department testified that Jones had "violated every condition of probation." Tr. p. 8.

[6] At the hearing, Jones requested that the court retain his probation rather than reinstate his suspended sentence. Jones alleged extenuating circumstances to explain his noncompliance with probation conditions, such as his lack of transportation, his inability to finance the domestic violence counseling, and a disconnected phone that prevented him from receiving notice to report for drug screens. Jones also explained that his violation of the no-contact order was the result of a mistaken belief that it was no longer in effect, claiming that N.Y. had made contact on her own initiative and had told Jones that she had the order rescinded.

[7] The trial court emphasized that Jones had "clearly" violated the conditions of probation and found his explanations in an attempt to mitigate the violations "incredible." *Id.* at 50-51. The court revoked Jones's probation and reinstated the 319-day suspended sentence. Jones now appeals.

## Analysis

[8] Jones argues that because of his alleged extenuating circumstances, the trial court should have imposed a sanction less serious than reinstatement of his suspended sentence. In probation orders, the trial court devises the conditions of probation and may revoke probation if those conditions are violated. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citing Ind. Code. § 35-38-2-3). We review a trial court's sentencing decisions for probation violations pursuant to the abuse of discretion standard. *Id.* "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Id.*

[9] Probation serves as an alternative to incarceration and is granted at the sole discretion of the trial court. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Probation is not a right conferred to defendants but rather a "matter of grace" and a "conditional liberty that is a favor." *Id.* If the trial court finds that an individual has violated a condition of probation, the court is empowered to "[o]rder execution of all or part of the sentence that was suspended at the time of the initial sentencing." I.C. § 35-38-2-3(h).

[10] The trial court did not abuse its discretion by reinstating all of Jones's suspended sentence. Given that Jones admitted to violating every condition of his probation, the decision to restore his original sentence was well within the trial court's discretion. Breach of a single condition is sufficient to remove an individual from probation. *See J.J.C. v. State*, 792 N.E.2d 85, 88 (Ind. Ct. App.

2003). The reinstatement of Jones's suspended sentence comports with the express language of Indiana Code Section 35-38-2-3(h), which indicates that "trial courts have the flexibility both to use and to *terminate* probation when appropriate." *Stevens v. State*, 818 N.E.2d 936, 941–42 (Ind. 2004) (emphasis added).

[11] Because probation is a matter of grace, the individual who benefits from this grace is expected to strictly comply with the conditions of probation. *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008). Jones's probation record is a far departure from this level of compliance.

[12] Ordering execution of the suspended sentence for Jones's multiple probation violations was well within the trial court's scope of discretion. *See Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006). Reinstatement of the full suspended sentence is appropriate in a case of repeated noncompliance, as more liberal probation-violation sanctions would reduce probationers' motivation to modify their behavior, and "the 'grace of probation' would be rendered meaningless." *Id.* at 1022.

## Conclusion

[13] The trial court did not abuse its discretion in revoking Jones's probation and reinstating his suspended sentence.

[14] Affirmed.

May, J., and Pyle, J., concur.