## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 17 2015, 9:12 am
CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Jesse J. Barger | Gregory F. Zoeller |
| Pendleton, Indiana | Attorney General of Indiana |
| | |
| | Karl M. Scharnberg |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse J. Barger, | June 17, 2015 |
| *Appellant-Defendant,* | Court of Appeals Cause No. 88A01-1501-CR-7 |
| v. | Appeal from the Washington Superior Cause No. 88D01-0507-FA-187 |
| State of Indiana, | |
| *Appellee-Plaintiff.* | The Honorable John Evans, Judge |

**Barnes, Judge.**

# Case Summary

Jesse Barger appeals the trial court's denial of his motion for modification of sentence. We affirm.

# Issue

Barger raises one issue, which we restate as whether the trial court properly denied his motion for modification of sentence.

# Facts

In 2005, Barger was convicted of Class A felony dealing in cocaine and Class C felony possession of cocaine. According to Barger, in November 2005, he was sentenced to thirty years with ten years suspended. He was released in 2011, and a probation violation petition was filed in July 2013. An amended petition to revoke Barger's probation was filed in September 2013. According to the Chronological Case Summary, Barger "appear[ed] and enter[ed] a blind plea of guilty to violation of probation, by committing other crimes." App. p. 12. In February 2014, the trial court found that Barger had violated his probation and ordered him to serve five years of his suspended sentence. The order provided:

> Probation shall resume upon completion of this sentence. After the defendant has served two years of his sentence (1 actual year) he may petition the Court to review his case for possible modification, including the possibility of placement in a community correction program such as work release or day reporting. The Court will grant or deny the request in its sole discretion after considering the defendant's conduct and other relevant factors.

*Id.* at 51.

[4] In November 2014, Barger filed a motion for modification of sentence. Barger alleged that:

> The sentencing Court, according to the Open Plea Agreement, agreed to evaluate the Defendant's case for possible modification to a Community Corrections program; after Defendant served two (2) years of his five (5) year term, one (1) year actual. (see open plea agreement) However, this Court has yet to review this case properly by ordering an evaluation from IDOC.

*Id.* at 26. Barger requested that the trial court modify his sentence to be served in community corrections. The State objected to Barger's request, and the trial court denied Barger's motion. Barger now appeals.

## Analysis

[5] Barger argues that the trial court erred by denying his motion for modification of sentence. A trial court's decision to reduce or suspend a sentence is discretionary. *Catt v. State*, 749 N.E.2d 633, 643 (Ind. Ct. App. 2001), *trans. denied*. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[6] According to Barger, as part of his "open plea agreement," the State waived its right to object to a sentence modification and the trial court was required to order an evaluation from the Department of Correction. Appellant's Br. p. 1. Barger argues that the trial court "breached its plea agreement." *Id.* at 2. "A plea agreement is contractual in nature, binding the defendant, the State, and

the trial court." *Abernathy v. State*, 852 N.E.2d 1016, 1019 (Ind. Ct. App. 2006). "The trial court is given the discretion to accept or reject a plea agreement, and, if it accepts the agreement, it is strictly bound thereby." *Id.* "Furthermore, upon acceptance of such an agreement, the trial court is precluded from imposing any sentence other than that required by the plea agreement." *Id.*

[7] The State disputes that a plea agreement existed here. Our review of the record reveals that Barger admitted to violating his probation and that the trial court sentenced him to serve five years of his previously imposed sentence as a result of the probation violation. In the order, the trial court noted that Barger could file a petition to modify his sentence after serving "two years of his sentence (1 actual year)," but that it would "grant or deny the request in its sole discretion after considering defendant's conduct and other relevant factors." App. p. 51. In his reply brief, Barger states that the plea agreement was filed under a separate cause number. In a supplemental appendix, he includes a plea agreement for 88D01-1309-CM-638. The only mention of the current case is a notation that he will enter a "blind admission" for 88D01-0507-FA-187. Suppl. App. p. 1. There is no mention of the State waiving a right to object to the proposed modification or of the trial court being required to order an evaluation from the DOC. Further, although Barger mentions Indiana Code Section 35-38-1-17, he makes no analysis of which version of the statute applies or the language of either version.[1] Under these circumstances, we cannot say that the

---

[1] Indiana Code Section 35-38-1-17 was amended effective July 1, 2014.

trial court abused its discretion by denying Barger's motion for modification of sentence.

## Conclusion

[8] The trial court did not abuse its discretion by denying Barger's motion for modification of his sentence. We affirm.

[9] Affirmed.

[10] Riley, J., and Bailey, J., concur.