

**FILED**

Jan 31 2020, 7:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan M. Gardner
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Delta L. Chapman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 31, 2020

Court of Appeals Case No.
19A-CR-1636

Appeal from the Allen Superior
Court

The Honorable Frances C. Gull,
Judge

Trial Court Cause No.
02D06-1806-F3-35

**Pyle, Judge.**

# Statement of the Case

Delta Chapman ("Chapman") appeals, following a jury trial, his conviction and sentence for Level 6 felony sexual battery.[1] Chapman argues that the trial court abused its discretion in its admission of evidence regarding his prior conviction for false informing, which was more than ten years old. Concluding that the trial court abused its discretion when it admitted evidence of Chapman's prior conviction in violation of Indiana Evidence Rule 609(b), we reverse his conviction and remand with instructions for a new trial.

We reverse and remand.

# Issue[2]

> Whether the trial court abused its discretion by allowing
> Chapman to be impeached by a conviction over ten years old.

# Facts

On December 23, 2017, Chapman and Lamarco Toussaint ("Toussaint") had dinner at a local restaurant in Ft. Wayne. Afterwards, they returned to the apartment that Toussaint shared with his aunt, Erma Anderson ("Anderson"). Early the next morning, Toussaint left for work while Chapman continued to sleep. Toussaint, who had been keeping their relationship a secret, "locked"

---

[1] IND. CODE § 35-42-4-8.

[2] On appeal, Chapman also argues that his sentence is inappropriate. However, because we hold that the trial court committed reversible error, we need not address Chapman's inappropriate sentence argument.

Chapman inside his bedroom so that Anderson would not know that he was inside. (Tr. Vol. 2 at 207).

[4] Later in the day, sixteen-year-old J.H. ("J.H."), the victim, arrived in Ft. Wayne to visit Anderson, his grandmother. When J.H. arrived, the door to Toussaint's bedroom was still locked. J.H. called Toussaint to see if he was inside the bedroom. Toussaint informed J.H. that he was not home and that he had hidden Chapman inside his bedroom.

[5] Soon thereafter, Chapman left the bedroom to use the bathroom. While Chapman was away, J.H. went inside Toussaint's bedroom. When Chapman returned, he asked J.H. to help fix the television. As J.H. attempted to fix the television, he and Chapman talked about J.H. being bullied at school. At some point during the conversation, Chapman told J.H. to close the bedroom door, and J.H. complied. Chapman then grabbed J.H.'s hand and made him touch Chapman's penis. Chapman took off his clothes and started "coming on" to J.H. (Tr. Vol. 2 at 181). As J.H. struggled and repeatedly told Chapman no, Chapman placed J.H.'s penis in his mouth and performed oral sex on J.H. Afterwards, Chapman gave J.H. ten dollars and told him not to tell anyone what had happened. J.H. left the bedroom, went to the bathroom and called his best friend from high school to tell her what had just occurred.

[6] At approximately 3:00 p.m. that same day, Toussaint returned to the apartment from work. According to Toussaint, "[n]othing really triggered [him] to make [him] believe anything had happened[,]" and that J.H. "seemed normal." (Tr.

Vol. 2 at 208). Later that evening, Toussaint took Chapman home. When Toussaint returned to the apartment, J.H., who was "[r]eally emotional, crying[,]" informed Toussaint what Chapman had done to him earlier that day. (Tr. Vol. 2 at 210). Toussaint then called Chapman, who denied touching J.H.

[7] On June 13, 2018, the State charged Chapman with Level 3 felony rape and Level 6 felony sexual battery. On May 29, 2019, the case proceeded to a jury trial. Prior to the commencement of jury selection, the State informed the trial court that Chapman had been convicted of false informing on August 24, 2008 and had been sentenced to 180 days suspended, with one year of unsupervised probation, which had been completed on September 1, 2009. The State argued that Chapman's unsupervised probation qualified as "confinement" pursuant to Indiana Evidence Rule 609. As a result, the State contended, Chapman's conviction was within the ten-year period mandating admission under the general rule of Evidence Rule 609 because he was released from probation in September 2009. Conversely, Chapman argued that Evidence Rule 609 did not extend the term "confinement" to include probation. The trial court found that the term "confinement" in Evidence Rule 609 included periods of probation and preliminarily ruled that Chapman's prior conviction would be admissible if Chapman chose to testify.

[8] Prior to the start of the second day of trial, the following colloquy ensued:

> [Defense Counsel]: Your Honor, we discussed my client's prior conviction from 2008, and it was my understanding that the rule was cut off for all conviction and confinement ten years from the date of testimony.

The Court:  Um-hmm. (Affirmative response)

[Defense Counsel]:  And the Court and the State educated me otherwise that probation and parole was included in that.  Well, Judge, last night I did a little bit of research, I re-read the rule.  The rule doesn't make mention to probation or parole, it just simply states ten years have passed since the witness's conviction or release from confinement for it, whichever is later.  Judge, I then went to the case law and I couldn't find an Indiana case which broadened the rule to include probation and/or parole.  I did find, Your Honor, a case out of the Seventh Circuit Court of Appeals . . . *US v. Rogers*, 542 F3d 197, it's a 2008 decision, Your Honor, and in that case the Court cited what defined confinement, and I'll just read the quote, Judge, "Confinement for purposes of Federal Rule of Evidence permitting admission of a witness's prior conviction for impeachment purposes if a period of no more than ten years has elapsed from the witness's release from confinement on the prior conviction does not include periods of probation or parole."

* * *

[Defense Counsel]:  The date of conviction is August 25, 2008, and the sentence, Your Honor, was 180 days suspended, one year probation.  So the 180 days suspended has Mr. Chapman completing his suspended sentence February 21, 2009.  It's that one year probation that we're concerned with and that would put him out to August 25, 2009.  So, Judge, we're literally almost three month[s] to the day shy of ten years of that probation date, but, Your Honor, if the Court is inclined to agree with the Seventh Circuit, it doesn't matter, because probation or parole should not be considered.  So, Your Honor, I would renew our argument from yesterday that this prior conviction should not be raised should the Defendant choose to testify today.

The Court:  State?

[The State]:  Thank you, Your Honor.  We were made aware of this issue this morning by [defense counsel], he did provide us with that case.  In response to that, we reached out to . . . our office, she sent us a copy of the *Indiana Evidence Courtroom Manual*, the 2018 to 2019 edition, where it clearly states the commentary that the ten-year limit is – under subrule B, if more

than ten years have elapsed from the date of conviction, termination of confinement, probation or parole, the conviction is not admissible unless the Court finds probative value of such evidence substantially outweighs the prejudicial effect. So from that rule commentary, based on that, we think it absolutely does fall within this, that his release from probation officially, according to the CCS entry, which we have shown [defense counsel] and I know he's aware of, is September 1st 2009, which is within ten years, so we believe that is covered by this rule.

The Court: And that was the – the commentary was where I came up with the ten-year limit. I'll be honest with you, my rulebook is 2006-2007 courtroom manual, but I know that that hasn't changed and there's been no case law that has changed that, either. . . . I continue to review the Indiana Evidence Courtroom Manual, which finds that the ten [years] elapsed since the date of conviction or the termination of confinement, probation, or parole; so based on the Indiana commentary, that ruling would be upheld, but I do appreciate the opportunity to have this additional discussion, [defense counsel].

[Defense Counsel]: Thank you, Judge.

The Court: So the conviction would be admissible if Mr. Chapman chooses to take the stand.

(Tr. Vol. 2 at 244-47).

[9] During the two-day trial, the State presented the testimony of J.H., J.H.'s friend from high school, Toussaint, J.H.'s mother, a physician's assistant, and an officer from the Ft. Wayne Police Department. Chapman testified on his own behalf and denied that any sexual touching had occurred between himself and J.H. During cross-examination, the State asked Chapman whether he had been convicted in the past of an offense involving dishonesty or false statement. The trial court overruled Chapman's subsequent objection in which he renewed his previous arguments against admissibility under Evidence Rule 609. Chapman

then confirmed that he had been convicted of false informing in 2008. Thereafter, during closing, the State argued that Chapman's testimony was not credible because "he ha[d] a conviction for dishonesty or false statement, we know he's been convicted of a lie in the past." (Tr. Vol. 3 at 41).

[10] Ultimately, the jury found Chapman guilty of sexual battery and not guilty of rape. At the ensuing sentencing hearing, the trial court sentenced Chapman to two and one-half (2 ½) years in the Department of Correction. Chapman now appeals.

# Decision

[11] On appeal, Chapman argues that the trial court erred when it admitted evidence of his prior misdemeanor false informing conviction as a form of impeachment evidence. Specifically, Chapman contends that his time on unsupervised probation is not the same as "confinement" as provided in Evidence Rule 609(b), thus taking the prior conviction outside ten-year time period mandating admission.

[12] Here, Chapman was convicted of false informing on August 24, 2008 and had been sentenced to 180 days suspended, with one year of unsupervised probation, which had been completed on September 1, 2009. The trial court determined that Chapman's probationary period constituted "confinement" for purposes of Evidence Rule 609(b) and that the prior conviction fell within the ten-year time period set forth in the rule.

[13]     Indiana Evidence Rule 609 provides, in relevant part:

> **(a) General Rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime or an attempt of a crime must be admitted but only if the crime committed or attempted is (1) murder, treason, rape, robbery kidnapping, burglary, arson, or criminal confinement; or (2) a crime involving dishonesty or false statement, including perjury.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than ten (10) years have passed since the witness's conviction or *release from confinement* for it, whichever is later. Evidence of the conviction is admissible only if:
>
>> (1) its probative value supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>>
>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

(Emphasis added). Evidence Rule 609(b) "presumes the exclusion of convictions more than ten years old." *Scalissi v. State*, 759 N.E.2d 618, 624 (Ind. 2001). We review a trial court's ruling under Rule 609(b) for an abuse of discretion. *Id*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Conley v. State*, 972 N.E.2d 864, 871 (Ind. 2012), *reh'g denied*.

[14]     On appeal, the parties dispute whether Chapman's prior conviction fell within the ten-year time period of Evidence Rule 609. The ten-year time period runs from either the "witness's conviction or release from confinement for it, whichever is later." Evid. R. 609(b). The parties do not dispute that the ten-year limit ended when Chapman testified about the conviction on May 30,

2019. *See Whiteside v. State*, 853 N.E.2d 1021, 1028 (Ind. Ct. App. 2006) (holding that the date the witness testified or the evidence is introduced is the most appropriate termination point for determining whether a conviction falls within the ten-year period provided by Evidence Rule 609). Rather, the parties disagree regarding the date on which the time period started. Chapman argues that it started when he was convicted on August 24, 2008. The State argues that the period started when Chapman was released from probation on September 1, 2009. Specifically, the State asserts that the term "confinement" in Evidence Rule 609(b) "goes beyond mere incarceration" and "encompasses a probationary period as well as community correction placement, commitment to a local jail, and incarceration in the [DOC]." (State's Br. 14). We disagree with the State and conclude that Chapman's probation did not qualify as "confinement" for purposes of the ten-year time period in Evidence Rule 609(b).

[15]  Initially, we recognize that Evidence Rule 609(b) does not define "confinement," and that Indiana appellate courts have not specifically addressed whether probation qualifies as confinement under Rule 609(b). However, Black's Law Dictionary defines "confinement" as "[t]he act of imprisoning or restraining someone; the quality, state, or condition of being imprisoned or restrained." *Confinement*, BLACK'S LAW DICTIONARY (10th ed. 2014). The term "probation" is defined as "[a] court-imposed criminal sentence that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison[.]" *Probation*,

BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006) ("Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment."). Although Chapman was subjected to conditions of probation, we conclude that he was not confined because he was not actually imprisoned.

[16] Moreover, our interpretation of confinement for purposes of Indiana Evidence Rule 609(b) is further supported by federal authority interpreting the term confinement in Rule 609(b) of the Federal Rules of Evidence.[3] *See Whiteside*, 853 N.E.2d at 1026-27 ("While we are not bound by interpretations of the Federal Rules of Evidence, we may look to them for guidance."). We observe that the Seventh Circuit Court of Appeals held that probation does not constitute "confinement" within the meaning of Federal Rule 609(b). *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008). The *Rogers* Court held that "Rule 609(b) unambiguously starts the clock at the date of conviction or release from 'confinement,' without any mention of periods of probation and parole." *Id.* at 200. The *Rogers* Court also noted that while the Rule's initial draft provided that the ten-year time span ran from "the date of the release of the witness from confinement imposed for his most recent conviction, or the expiration of the period of his parole, probation, or sentence granted or

---

[3] Federal Evidence Rule 609(b) limits the use of evidence "if more than 10 years has passed since the witness's conviction or release from confinement for it, whichever is later." *See Dowdy v. State*, 672 N.E.2d 948, 951 (Ind. Ct. App. 1996) (holding that the language of Evidence Rule 609(b) closely parallels that of Federal Evidence Rule 609(b) regarding the admissibility and use of aged convictions to impeach a witness' testimony at trial), *reh'g denied*, *trans. denied*.

imposed[,]" the language referring to parole and probation was removed in 1971. *Id*. Ultimately, the *Rogers* Court held that "'confinement' for purposes of the ten-year time limit in Rule 609(b) does not include periods of probation or parole." *Id*. at 201.

[17] We are persuaded by the Seventh Circuit's interpretation. The unambiguous language of Indiana Evidence Rule 609(b) does not mention probation. Thus, the plain language of Evidence Rule 609(b) neither supports the trial court's nor the State's interpretation that the ten-year time period began at the end of Chapman's probation. Therefore, the beginning point for the ten-year period of Evidence Rule 609 was when Chapman was convicted in 2008. As a result, his conviction was over ten years old and presumptively inadmissible under Evidence Rule 609(b). *See Scalissi*, 759 N.E.2d at 624 ("Rule 609(b) . . . is a rule that presumes the exclusion of convictions more than ten years old."). The trial court erred in determining that Chapman's prior conviction fell within the ten-year period set forth in Evidence Rule 609(b).

[18] Nevertheless, a conviction older than ten years may be admitted for impeachment purposes if: (1) the trial court determines that the probative value supported by specific facts and circumstances substantially outweighs the prejudicial effect; and (2) the proponent provides "reasonable written notice" as required under Rule 609(b). *See* Evid. R. 609(b); *see also Whiteside*, 853 N.E.2d at 1029. Here, the trial court did not engage in such a balancing test and the State failed to provide reasonable written notice. It was error to admit Chapman's prior conviction under these circumstances. Accordingly, the trial

court abused its discretion by admitting the evidence of Chapman's prior conviction in violation of Evidence Rule 609.

[19]     Nevertheless, the State argues that "even if the trial court improperly admitted the evidence of [Chapman's] prior conviction, any error in its admission was harmless." (State's Br. 16). Where the trial court has erred in the admission of evidence, we will not reverse the conviction if that error was harmless. *Turner v. State*, 953 N.E.2d 1039, 1058 (Ind. 2011). Generally, errors in the admission of evidence are to be disregarded unless they affect the substantial rights of a party. *Id.* at 1059. In analyzing the effect of the evidentiary ruling on a defendant's substantial rights, we look to the probable impact on the fact-finder. *Id.* The improper admission is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court that there is no substantial likelihood the challenged evidence contributed to the conviction. *Id.* Reversal may be compelled if the record as a whole discloses that the erroneously admitted evidence was likely to have had a prejudicial impact on the fact-finder, thereby contributing to the judgment. *Bradford v. State*, 960 N.E.2d 871, 877 (Ind. Ct. App. 2012) (quotation and citation omitted).

[20]     We cannot say that the erroneous admission of Chapman's prior conviction was harmless. Here, the evidence presented at trial was entirely testimonial. As such, witness credibility was central to each side's position. Both J.H. and Chapman provided conflicting testimony regarding the events of December 24, 2017. Moreover, during closing arguments, the State argued that Chapman

was not credible because he had a prior conviction for false informing. Because this case turned largely on the credibility of J.H. and Chapman, and the State relied on the prior conviction during closing argument, we conclude that the evidence of Chapman's prior conviction had a prejudicial impact on the fact-finder and contributed to the judgment. Accordingly, we reverse Chapman's conviction and remand for retrial consistent with this opinion.

[21] Reversed and remanded.

May, J., concurs.

Crone, J., concurs in result with opinion.

Delta L. Chapman,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

Court of Appeals Case No.
19A-CR-1636

**Crone, Judge, concurring in result.**

[22]  I agree with the majority that the trial court committed reversible error in admitting evidence of Chapman's prior conviction.  I write separately, however, to elaborate on and respectfully part ways with some of the majority's analysis.

[23]  Despite the trial court's and the prosecutor's references to "commentary" regarding Indiana Evidence Rule 609(b), neither the Evidence Rules Review Committee (whose members are appointed by the Indiana Supreme Court)[4] nor the Indiana Supreme Court itself has suggested or approved any commentary on the issue at hand.  I presume that the trial court and the prosecutor were referring to the authors' commentary in *Weissenberger's Indiana Evidence*

---

[4] *See* Ind. Trial Rule 80 *and* Ind. Evidence Rule 1101.

*Courtroom Manual.* A recent edition of that manual cites no persuasive authority for its statement that "if more than 10 years have elapsed since the date of conviction, or the termination of confinement, *probation or parole*, the conviction is not admissible unless the court finds that the probative value of such evidence substantially outweighs its prejudicial effect." A.J. STEPHANI & GLEN WEISSENBERGER, WEISSENBERGER'S INDIANA EVIDENCE COURTROOM MANUAL 190 (2016-2017 ed.) (emphasis added).[5] In fact, the most recent edition of one of the authorities cited in the manual specifically states, "*Confinement* does not include any period of probation or parole." 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 609.06[2] (Mark S. Brodin, ed., Matthew Bender 2d ed. 2019) (citing cases from multiple federal circuits). Two other Indiana courtroom evidence manuals espouse a view consistent with our holding today. *See* 13B ROBERT L. MILLER, JR., INDIANA PRACTICE SERIES, COURTROOM HANDBOOK ON INDIANA EVIDENCE, RULE 609 (2019-2020 ed.) ("'Confinement' does not include probation or parole.") (citing 28 VICTOR J. GOLD, FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 6136(b) (2d ed.);[6] J. ALEXANDER TANFORD, INDIANA TRIAL EVIDENCE MANUAL § 30.07 (7th ed. 2014) ("If more than 10 years has elapsed from both the witness's conviction *and release from prison*, the conviction is presumptively inadmissible.") (emphasis added).

---

[5] This statement is practically identical to that quoted by the prosecutor from the 2018-2019 edition.

[6] The *Wright & Miller* treatise cites *Rogers* for this proposition.

[24] As the Seventh Circuit noted in *Rogers*, the probation/parole language was removed from the draft version of Federal Evidence Rule 609(b) in 1971 and was not included in the adopted version of that rule. 542 F.3d at 200. More importantly, the probation/parole language was not included in Indiana Evidence Rule 609(b) when it was first adopted in 1994.[7] The Evidence Rules Review Committee could have adopted a rule based on the initial draft of the federal rule, and its decision not to do so strongly implies that the committee did not intend for probation or parole to delay the start of the applicable ten-year period.[8]

[25] Because Chapman was not confined after his conviction and more than ten years had passed since his conviction, evidence of that conviction was "admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweigh[ed] its prejudicial effect; and (2) the [State gave Chapman] reasonable written notice of the intent to use it so that [Chapman had] a fair opportunity to contest its use." Ind. Evidence Rule 609(b). The majority states, "Here, the trial court did not engage in such a balancing test and the State failed to provide reasonable written notice. It was

---

[7] Before it was amended in 2014, Indiana Evidence Rule 609(b) read in relevant part,

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or, if the conviction resulted in confinement of the witness then the date of the release of the witness from the confinement unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

[8] In *Rogers*, the court noted that "[o]ther circuits [had] confronted the additional question of whether a revocation of parole stops the running of the ten-year clock. But that is a matter for another case." 542 F.3d at 201 (citations omitted). The same is true here.

error to admit Chapman's prior conviction under these circumstances." Slip op. at 11. The trial court did not engage in a balancing test because it erroneously concluded that the rule's ten-year deadline had not elapsed, and Chapman did not object on the basis that the State had failed to provide reasonable written notice. Subject to this minor difference, I agree that the trial court erred in admitting evidence of Chapman's prior conviction and that this error was reversible "[b]ecause this case turned largely on the credibility of J.H. and Chapman, and the State relied on the prior conviction during closing argument[.]" *Id*. at 13.