# FOR PUBLICATION



FILED

Aug 21 2014, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARLOS I. CARILLO**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES S. LITTRELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1401-CR-24 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-1307-FB-8

**August 21, 2014**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

James Littrell appeals his conviction for possession of cocaine as a class B felony,[1] claiming that the trial court violated his right to a fast and speedy trial when his trial was scheduled 112 days after the State's petition for an extension under Criminal Rule 4(D) was granted. Littrell also contends that the State's evidence is insufficient to show possession because the cocaine was found inside the shorts of another passenger. Finally, Littrell argues that his aggregate sentence of twenty-five years is inappropriate in light of the nature of the offense and his character. Finding that his right to a fast and speedy trial was not violated, that the evidence is sufficient to support his conviction for possession of cocaine, and that his sentence is not inappropriate, we affirm the judgment of the trial court; however, we remand to the trial court for the sole purpose of correcting a typographical error in the guilty plea and sentencing orders.

FACTS

On June 25, 2013, Officer James Knogge of the Dayton Police Department was patrolling State Road 38 when he observed a white minivan traveling above the speed limit. The officer followed the vehicle, intending to make a traffic stop, when he saw the vehicle make a wide turn and almost hit a stop sign. Office Knogge then observed an "abundance of movement" between the driver of the vehicle and the passenger in the front seat. Tr. p. 153-54. The minivan drove another block and then turned without coming to a complete stop. Officer Knogge turned on his lights and siren to perform a

---

[1] Ind. Code § 35-48-4-6(b)(2)(B)(i).

traffic stop. He also radioed for backup, and Officer Robert Hainje was dispatched to the scene.

During the stop, Officer Knogge determined that the driver of the vehicle, Littrell, was driving with a suspended license. He observed that Littrell's pupils were dilated and his responses were slow and sluggish. The front seat passenger, Jackie Rumler, appeared "fidgety" and "very hysterical." Tr. p. 99, 153-54, 156. The officers separated Littrell and Rumler. Littrell informed Officer Knogge that Rumler had drugs in her shorts. When questioned, Rumler produced a bag containing an off-white substance from her waistband. The bag was later confirmed to weigh 1.48 grams and contain cocaine.

After the drugs were discovered, Littrell informed the officers that Rumler had purchased the drugs. Littrell claimed that Rumler always had the drugs and that he "told her [to] stick [the drugs] in [her] fucking bra or [her] pussy, don't get caught, I'm driving." Ex. 8. Littrell admitted to using the drugs a day earlier, but claimed that he was not intoxicated other than by prescription medication. After his arrest, Littrell submitted to a drug test, which indicated the presence of cocaine. The State's intention was to get a DNA sample from Littrell and compare it with any substances found on the baggy containing the recovered drugs. However, Littrell stated that his DNA would be on the baggy because he had shared it with Rumler, handled it, and "used some of the substance from it." Tr. p. 137.

The State charged Littrell with possession of cocaine within 1,000 feet of a school, battery, resisting law enforcement, operating a vehicle while having a schedule I or II

3

controlled substance in the body, driving while suspended, and two counts of intimidation. The State also alleged he was an habitual offender.

On July 8, 2013, the trial court received a letter from Littrell requesting a speedy trial. The trial court did not set a trial date at that time, and on July 15 and August 9, 2013, Littrell reaffirmed his request for a speedy trial. On August 13, 2013, the State filed a motion applying for an extension of a speedy trial pursuant to Indiana Criminal Rule 4(D) in order to have the results of a blood test available for trial. The trial court granted the State's motion, and a jury trial was set for December 3, 2013. Thus, the trial date was set for 112 days after the extension was granted and 152 days after Littrell's original request for a speedy trial. The trial court observed that the trial setting was "within the ninety days" allowed by the Criminal Rule 4(D) extension. Tr. p. 11.

On November 27, 2013, Littrell pleaded guilty to all the allegations except possession of cocaine within 1,000 feet of a school and being an habitual offender. On December 3, 2013, a jury found Littrell guilty of these two offenses as well.

At sentencing, Littrell stated that he was "very intoxicated" at the time of the arrest. Tr. p. 259. Officers Hainje and Knogge submitted letters to be considered at sentencing describing the extent of the threats made by Littrell on the night of his arrest, and the lasting effects those threats had on the officers and their families. Officer Hainje wrote that Littrell knew where Hainje's daughter attended school and indicated that he would "rape and kill" her. Appellee's App. p. 1. Officer Knogge also explained Littrell's threats to kill his wife, rape his daughter, and spit on the grave of his mother. Knogge

4

believed these threats and lived in fear that Littrell would hire someone to cause this harm, as Littrell had indicated he had the money to do so. Additionally, the probable cause affidavit indicates that Littrell bit Officer Hainje and damaged Officer Knogge's computer during the arrest.

During the sentencing hearing, the trial court found as mitigating factors that Littrell has children who are dependent on him and that he accepted responsibility on some of the charges. However, it found that the aggravating circumstances—particularly Littrell's extensive criminal history, which includes five prior felony convictions, and his "staggering" number of probation revocations—outweighed the mitigating factors. Tr. p. 274-77. The trial judge added, "I do not believe that at this point that [Littrell is] likely to respond to either short term incarceration or probation." Tr. p. 276. Additionally, Littrell has a significant history of drug abuse. Littrell failed to complete drug treatment programs in 2007 and 2010 and continued to use drugs even after treatment was administered during his prior incarceration. The trial court did not find this drug problem as either a mitigating or aggravating factor.

The trial court sentenced Littrell to fifteen years for possession of cocaine within 1,000 feet of a school. Additionally, the trial court imposed consecutive three-year sentences for the counts of intimidation, consecutive one-year sentences for battery and resisting law enforcement, and concurrent one year and sixty day sentences for driving while suspended and operating a vehicle with a controlled substance in the body. Littrell's sentence was enhanced by three years for being an habitual offender. Thus, the

5

trial court imposed an aggregate sentence of twenty-five years executed in the Indiana Department of Correction.

Littrell now appeals.

## DISCUSSION AND DECISION

### I. Speedy Trial

Littrell first argues that his right to a fast and speedy trial was violated because his trial date was set for 112 days after the ninety-date extension was granted. Littrell argues that because the "State's motion for continuance was made before the seventy (70) days expired under Criminal Rule 4(B), the State's extension of ninety (90) days began to accrue when the trial court granted State's motion for continuance and not when the seventy (70) days expired." Appellant's Br. p. 7. He adds that if the rule is found to be ambiguous, it must be construed in favor of Littrell. Id.

At the outset, we note that Littrell has waived his claim regarding the calculation of the ninety-day extension period because this specific issue was not raised at trial. In the present appeal, Littrell claims that the extension was calculated from the wrong starting date, but he did not object to the trial court's calculation of the ninety-day extension when the trial court chose December 3, 2013 as the date for trial. Tr. p. 9-13.

Waiver notwithstanding, we conclude that the trial court properly calculated the ninety-day extension when it concluded that the ninety days attached to the original seventy-day time period. As a result, Littrell's right to a fast and speedy trial was not violated because the trial was set within the ninety-day extension.

6

The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. Clark v. State, 659 N.E.2d 548, 551. Indiana Criminal Rule 4 helps implement these rights. Rule 4(B) provides in part:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such a motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar . . .

Here, Littrell filed a motion requesting a speedy trial within seventy days. The State then sought an extension due to the drug laboratory's inability to provide an analysis of Littrell's blood sample within the seventy-day period. Appellant's App. p. 20-22. Criminal Rule 4(D) allows for a ninety-day extension where evidence is unavailable:

> If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged.

The question posed to us here is whether the ninety-day extension begins on the date it is granted or at the expiration of the original seventy-day time period. Criminal Rule 4(D) provides that the date for trial can be extended an "additional ninety (90) days." The inclusion of the word "additional" clearly indicates that the ninety days are to be granted in addition to the original seventy days, allowing for a total of 160 days to

7

schedule the trial date. We do not find this language to be ambiguous. Because Littrell's trial was conducted 152 days after Littrell's motion for a speedy trial, we conclude that his right to a speedy trial was not violated.

## I. Sufficiency of the Evidence

Next, Littrell contends that the evidence was insufficient to support his conviction for possession of cocaine. Specifically, Littrell maintains that the State cannot prove he was in possession of cocaine that was found in the pants of another passenger.

When reviewing challenges to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Bond v. State, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), trans. denied. Rather, we consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. Id. Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. Id.

We note that possession of contraband may either be actual or constructive. Gee v. State, 810 N.E.2d 338, 340 (Ind. 2004). Actual possession occurs when a person has direct physical control over the item. Id. To establish constructive possession, the State must show that the defendant had both the intent and the capability to maintain dominion and control over the contraband. Id. When possession of the premises is non-exclusive, the inference of intent to maintain dominion and control over the drugs must be supported by additional circumstances pointing to the defendant's knowledge of the nature of the

8

controlled substances and their presence. The additional circumstances have been shown by various means, including: (1) incriminating statements made by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband and other items owned by the defendant. Id. at 341.

Here, Littrell's actions and statements lead to a reasonable inference that he jointly possessed the cocaine. Littrell admitted that he had "shared the baggy" with Rumler, had handled the baggy, and had "used some substance from it." Tr. p. 137-38. Even though the drugs were found on Rumler, Littrell was the one who told Rumler to "stick [the drugs] in [her] fucking bra or [her] pussy, don't get caught, I'm driving." Ex. 8. Littrell clearly had knowledge of the drugs' location because he told the officers about the cocaine. Ex. 8. Based on this evidence, a reasonable fact-finder could conclude that Littrell was in constructive possession of the cocaine.

The State also asserts that a reasonable inference could be made that the "abundance of movement" the officer observed just prior to the stop was the exchange of cocaine. Appellee's Br. p. 10; Tr. p. 153-154. However, this conviction is sustainable based on Littrell's acknowledgement that he had both handled the drugs and told Rumler where to place them; therefore, it is not necessary to determine what the "abundance of movement" was in order to sustain a conviction for possession of cocaine.

9

## III. Inappropriate Sentence

Further, Littrell contends that his aggregate sentence of twenty-five years is inappropriate in light of the nature of the offense and his character under Appellate Rule 7(B).

On appeal, this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). However, this court does not substitute its judgment for that of the trial court. Foster v. State, 795 N.E.2d 1078, 1092 (Ind. Ct. App. 2003). Under Appellate Rule 7(B), the question is not whether it is more appropriate to impose a different sentence upon the defendant, but whether the defendant's sentence is appropriate. Steinberg v. State, 941 N.E.2d 515, 535 (Ind. Ct. App. 2011). The defendant bears the burden of persuasion on appeal that the sentence he received is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Littrell argues that the nature of the offense does not justify the sentence imposed by the trial court because the cocaine was in another person's shorts. We note that the trial court took this into consideration during sentencing and did not give Littrell the maximum sentence for possession of cocaine as a result:

> I do however agree with your attorney that the maximum sentence on—in particularly on count 1, possession of a controlled substance within a thousand feet of a school should be reserved by Indiana Law according to Indiana Law for the

worst offenders and the worst situations . . . So I do agree that it's not the wors[t] of the wors[t] and I don't think 20 years is appropriate for count 1. That same analysis does not apply to the other counts in my mind.

Tr. p. 276-77. However, Littrell knowingly brought cocaine within 1,000 feet of a school and was driving erratically before his arrest. Tr. p. 152-53. He admitted to being "very intoxicated" at the time of the incident. Tr. p. 259. In addition, Littrell made particularly egregious threats to the arresting officers, threatening to rape and kill their family members. Appellee's App. p. 1-3. Thus, Littrell has not persuaded this Court that his sentence is inappropriate based on the nature of the offense.

Further, Littrell contends that his sentence is inappropriate in light of his character. He explains that he was employed and supporting his three children before the arrest, and his criminal record is a result of his self-reported drug abuse problem. Appellant's Br. p. 11-12. However, the trial court found that Littrell's sentence was appropriate given Littrell's criminal history, which includes five prior felony convictions, and a "staggering" number of petitions to revoke his probation. App. p. 56; Tr. p. 275. Additionally, Littrell has a significant history of drug abuse. Littrell claims that his criminal record is the result of a drug problem, but he failed to complete drug treatment programs in 2007 and 2010 and continued to use drugs even after treatment was administered during his prior incarceration. Tr. p. 254; App. p. 59. As criminal history alone is sufficient to sustain an enhanced sentence, we find that the twenty-five year aggregate sentence is not inappropriate in light of the nature of the offense and Littrell's

character. <u>Sherwood v. State</u>, 702 N.E.2d 694, 699 (Ind. 1998); Ind. Code § 35-38-1-7.1(a)(2).

<u>IV. Typographical Error</u>

Finally, Littrell requests that the sentencing order be amended to show that Littrell's conviction on Count VII, operating a vehicle while having a schedule I or schedule II controlled substance in the body, was a Class C misdemeanor, not a felony as indicated in the guilty plea and sentencing orders. The State acknowledges that the offense was indeed a misdemeanor, not a felony. Therefore, we remand this matter to the trial court with instructions to correct this error in the guilty plea and sentencing orders.

Based on the foregoing, the judgment of the trial court is affirmed and remanded for the sole purpose of correcting a typographical error in the guilty plea and sentencing orders, which mistakenly lists one of Littrell's misdemeanors as a felony.

KIRSCH, J., and BAILEY, J., concur.