## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 11 2017, 6:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alisha M. King,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 11, 2017<br><br>Court of Appeals Case No.<br>02A03-1606-CR-1387<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D05-1504-F6-360<br>02D05-1408-F6-79 |

**Barnes, Judge.**

# Case Summary

Alisha King appeals her aggregate four-year sentence for Level 6 felony possession of a synthetic drug or lookalike substance and Level 6 felony possession of paraphernalia. We affirm.

# Issue

The sole issue before us is whether King's sentence is inappropriate.

# Facts

On December 10, 2014, the trial court sentenced King to two years suspended to probation following her guilty plea to one count of Level 6 felony possession of a synthetic drug or lookalike substance in cause number 02D05-1408-F6-79 ("F6-79"). On February 20, 2015, the State filed a petition alleging King violated probation after she tested positive for cocaine. King admitted to violating probation by using illegal drugs twice. On February 23, 2015, the trial court placed King on HOPE probation.[1] On March 3, 2015, the State filed a petition to revoke King's placement on HOPE probation after she failed to report for a required meeting. King admitted to the allegation; the trial court ordered her to spend three days in jail and returned her to HOPE probation afterwards. On April 8, 2015, the State filed another petition to revoke King's placement on HOPE probation based on allegations that she failed to report for

---

[1] HOPE probation "is a one year intense probation supervision program" operated by Allen Superior Court. *See* www.allensuperiorcourt.us/hope-program (last visited December 12, 2016).

a required meeting and take a scheduled urine screen. King later admitted to these violations.

[4] On April 27, 2015, the State charged King with Level 6 felony possession of paraphernalia in cause number 02D05-1504-F6-360 ("F6-360"). This new charge was added as a further allegation in support of revoking King's probation in cause number F6-79. On May 26, 2015, King pled guilty to this charge. On the same date, the trial court ordered King to participate in its drug court program under both cause numbers F6-79 and F6-360 and terminated her supervised probation in F6-79. The State agreed that if King successfully completed the drug court program, it would dismiss the F6-360 case and satisfactorily discharge her from probation in the F6-79 case.

[5] On November 2, 2015, the State filed a petition to terminate King's participation in the drug court program. The petition alleged that King tested positive for the use of cocaine and synthetic marijuana; that she voluntarily left a required transitional living program; that she missed a required urine screening; and that she missed a required court date. King admitted to these allegations. On December 2, 2015, the trial court revoked King's participation in the drug court program and imposed a sentence of two years executed in cause number F6-79 and a sentence of two years executed in cause number F6-360, to be served consecutively.

[6] King filed separate notices of appeal in both cases, which were later consolidated. On April 18, 2016, this court stayed consideration of the appeal

and remanded for the trial court to consider whether the doctrine of amelioration should apply to King's sentence under cause number F6-360 in light of the legislature's reduction of that offense to a Class A misdemeanor, effective July 1, 2015. On remand, the trial court declined to alter King's sentence. She now pursues this new, consolidated appeal from both cause numbers F6-79 and F6-360.

## Analysis

[7] King's argument is that her aggregate four-year sentence is inappropriate under Indiana Appellate Rule 7(B) in light of her character and the nature of the offenses. As the State points out, however, King's sentence under cause number F6-79 was the result of a probation revocation. Sentences following revocation of probation are reviewable only for an abuse of discretion and Rule 7(B)'s inappropriateness standard is inapplicable. *Prewitt v. State*, 878 N.E.2d 184, 187-88 (Ind. 2007). King fails to make a cogent argument that her probation revocation sentence under F6-79 was an abuse of discretion; as such, any claim of error with respect to that sentence is waived. *See Foutch v. State*, 53 N.E.3d 577, 580 n.1 (Ind. Ct. App. 2016) (noting that party must make cogent argument regarding abuse of discretion in sentencing separate from inappropriateness analysis in order to preserve claim for appellate review). Additionally, under Indiana Code Section 35-50-1-2(e), King was required to serve her sentence for F6-360 consecutive to her sentence for F6-79, because she was arrested for F6-360 before she was discharged from probation, parole, or a term of imprisonment for F6-79. The trial court had no choice in the matter.

As such, the only issue properly before us in this appeal is whether King's two-year sentence under cause number F6-360 is inappropriate.

[8] Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[9] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[10] The sentencing range for a Level 6 felony is between six months and two-and-one-half years. Ind. Code § 35-50-2-7(b). King's sentence was at the high end of this range but was not a maximum sentence. King makes no argument in this appeal that the doctrine of amelioration warranted a reduction of her sentence.

[11] We concede there is no reason to think there is anything egregious about the nature of the offense here, possession of paraphernalia. We also recognize that King pled guilty to this offense, which reflects positively upon her character. *See Lopez v. State*, 869 N.E.2d 1254, 1259 (Ind. Ct. App. 2007), *trans. denied*. King also suggests that her remorse should have been a more significant factor in her sentencing than what the trial court gave it. However, this court cannot reassess the weight a trial court gives to any particular aggravator or mitigator, which would be outside the scope of inappropriateness review in any event. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007). Furthermore, this court cannot second-guess a trial court's determination of the extent of a defendant's remorse, which is akin to a credibility determination. *See Stout v. State*, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005), *trans. denied*. Similarly, the trial court was not required to accept the testimony of a character witness for King at the sentencing hearing who stated that "the light bulb" had come on for her "in the last seventy-two (72) hours . . . ." Tr. p. 39.

[12] On the other side of the scales regarding King's character, she was twenty-one years old at the time of the current offense. She had a juvenile delinquency adjudication for what would be Class A misdemeanor possession of marijuana

and adult misdemeanor convictions for operating a vehicle without ever receiving a license, possession of a synthetic drug or lookalike substance, and possession of paraphernalia. The two possession convictions formed the basis for King's subsequent Level 6 felony convictions for possession of a synthetic or lookalike drug and possession of paraphernalia.

[13] Most tellingly, after King's conviction under cause number F6-79, she repeatedly violated her probation and took advantage of the trial court's displays of leniency and attempts to treat her serious drug addictions in a progressive manner. The trial court bent over backwards to assist King in addressing her addiction problems by using a variety of methods short of incarceration, including ordinary supervised probation, intensive probation, and drug court. Unfortunately, those methods did not work. Although King has not yet engaged in crime against third parties, it was not inappropriate for the trial court to conclude that an extended period of incarceration was the only option left to attempt to cure King of her addictions before such crime did occur. As for King's assertion that the trial court should have suspended part of her sentence so that she could obtain rehabilitative services after being released from incarceration, the trial court reasonably could have concluded that it was unnecessary to do so in light of all the services that already had been offered to King. In sum, we cannot say King's sentence is inappropriate. *See Littrell v. State*, 15 N.E.3d 646, 652-53 (Ind. Ct. App. 2014) (holding enhanced sentence was not inappropriate in light of defendant's criminal history and repeated failure to successfully complete drug treatment programs), *trans. denied*.

# Conclusion

King's two-year executed sentence for Level 6 felony possession of paraphernalia under cause number F6-360 is not inappropriate, and she has waived her argument with respect to the probation revocation sentence under cause number F6-79.  We affirm.

Affirmed.

Kirsch, J., and Robb, J., concur.