# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 19 2020, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David L. Joley
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Bell, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 19, 2020<br><br>Court of Appeals Case No.<br>20A-CR-314<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>The Honorable Wendy W. Davis, Judge<br><br>The Honorable Samuel E. Keirns, Judge<br><br>Trial Court Cause No.<br>02D05-1906-F6-761<br>02D05-1809-F6-1126 |

**May, Judge.**

[1] Christopher Bell Jr. brings this consolidated appeal following his conviction of and sentence for Level 6 felony possession of a narcotic drug,[1] and the revocation of his probation under a separate cause number based on his commission of that crime. Specifically, Bell argues: (1) his sentence for the drug possession conviction is inappropriate given the nature of the offense and his character, and (2) the court abused its discretion when it revoked his suspended sentence for a prior conviction of Level 6 resisting law enforcement while operating a motor vehicle.[2] We affirm.

# Facts and Procedural History

[2] On September 15, 2018, Detective Wilkins of the Fort Wayne Police Department observed a gray vehicle being driven by a driver known to the detective as having a suspended driver's license. Detective Wilkins activated his lights and followed the vehicle to initiate a traffic stop, however the vehicle resisted police authority by accelerating to a speed up to eighty miles-per-hour while disregarding stop signs and traffic control devices. (App. Vol. II at 38.) After a few minutes of pursuit, the vehicle slowed to a stop, and Bell exited the vehicle with his hands in the air. Bell was taken into custody, but Detective Wilkins also noticed a green plant like substance sitting on the front passenger

---

[1] Ind. Code § 35-48-4-6(a).

[2] Ind. Code § 35-44.1-3-1(a).

seat. The substance was later identified as marijuana, and it weighed less than one gram. On September 20, 2018, the State charged Bell with Level 6 felony resisting law enforcement while operating a motor vehicle. Bell agreed to plead guilty as part of a plea arrangement, and on December 13, 2018, the trial court sentenced Bell to an eighteen-month term, with one year suspended to probation.

[3] The State filed a petition to revoke Bell's probation on May 31, 2019, which it amended on June 20, 2019. The petition alleged that Bell tested positive for alcohol and cocaine use on May 3, 14, and 28 of 2019, did not report to supervision, was unable to be contacted, did not maintain full employment, and did not complete substance abuse counseling. Then, on June 21, 2019, officers arrested Bell on a warrant for violation of probation and, while cataloguing Bell's property, found a "white piece of paper with a blue/grey substance inside." (App. Vol. II at 36.) That substance was later identified as having the presence of fentanyl weighing 0.1 grams. Consequently, Bell was charged with Level 6 felony possession of a narcotic drug.

[4] On July 1, 2019, a second petition to revoke Bell's probation was filed. On August 12, 2019, Bell pled guilty to the drug possession charge, but entered into an agreement that stipulated dismissal of his case upon successful completion of the Allen County Drug Court Program. The agreement also provided that upon successful completion of the drug court program, Bell would be discharged satisfactorily from probation for his previous resisting law enforcement conviction.

[5] On December 16, 2019, the State filed a third amended petition to revoke Bell's probation in conjunction with a petition seeking termination of Bell's participation in the Drug Court Program. The third petition to revoke probation cited a new allegation, Bell's failure to complete the drug court program, and reiterated previous allegations: Bell did not maintain good behavior and committed a new crime while on probation, he tested positive for cocaine use on various separate occasions, he tested positive for alcohol, he did not report for supervision as instructed, he did not maintain full-time employment, and he did not attend or complete substance abuse counseling as instructed. The petition to terminate drug court participation alleged that Bell violated the terms and conditions of the Drug Court Program based on his unsuccessful discharge from Road to Recovery on November 24, 2019; his testing positive for cocaine and marijuana use on November 18, 2019; his failing to appear in court on November 25, 2019; and his receiving a citation for driving while suspended and failing to use a safety belt.

[6] Bell admitted the allegations in both petitions during a compliance hearing on December 16, 2019, and on January 14, 2020, the trial court sentenced Bell to two years imprisonment for his Level 6 felony possession conviction. At the sentencing hearing the court identified two aggravating factors: Bell's criminal record, which contained multiple failed efforts at rehabilitation, and Bell being on probation when he committed the offense. The trial court noted that Bell's adult criminal record spanned ten years, from 2009 to 2019, and that Bell had three prior felony convictions with a variety of sanctions such as short jail

sentences, probation, time in the Department of Correction ("DOC") time in the Community Control Program through Community Corrections, the Community Transition Program, parole, and the Drug Court Program. (Tr. Vol. II at 52-53.) As mitigating factors, the court credited Bell's expression of remorse and his guilty plea.

[7] In addition to the sentence ordered for the possession conviction, the trial court revoked the suspended one-year sentence from Bell's resisting law enforcement conviction and ordered that year served in the DOC. The sentences were ordered to run consecutively. Bell filed separate Notices of Appeal from the sentencing and the probation revocation orders, and we granted Bell's motion to consolidate the appeals.

# Discussion and Decision

## *1. Inappropriate Sentence*

[8] We will reverse a sentence as inappropriate only if we determine Bell's sentence is inappropriate in light of both the nature of his offense and his character. *See* Ind. Appellate Rule 7(B) ("The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."). The nature of the offense analysis compares the defendant's actions with the required showing to sustain a conviction under the charged offense, *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008), while the character of the offender analysis permits broader consideration of a

defendant's character. *Douglas v. State,* 878 N.E.2d 873, 881 (Ind. Ct. App. 2007).

[9]     Ultimately, our determination of appropriateness "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell,* 895 N.E.2d at 1224. The task at hand is not to evaluate whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *Barker v. State,* 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied.* The defendant ultimately bears the burden of demonstrating the inappropriateness of the sentence. *Patterson v. State,* 909 N.E.2d 1058, 1063 (Ind. Ct. App. 2009).

[10]    When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State,* 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The advisory sentence for a Level 6 felony is one year, with a sentencing range between six months and two-and-a-half years. Ind. Code § 35-50-2-7. For Bell's Level 6 felony possession conviction, the trial court imposed a two-year sentence.

[11]    One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State,* 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied.*

While not egregious in and of itself, we hold the nature of Bell's Level 6 felony possession of a narcotic drug offense was worse than the "typical" possession offense because Bell was already on probation for another crime when he committed the offense. *See Barber v. State*, 863 N.E.2d 1199, 1208 (Ind. Ct. App. 2007) (the commission of an offense while on probation is a "significant aggravator"), *trans. denied*.

[12] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Although the extent to which a defendant's criminal history may be used to guide an appropriate sentence "varies based on the gravity, nature, and number of prior offenses in relation to the current offense," repeated contacts with the criminal justice system reflect poorly on the defendant's character, because such contacts suggest the defendant "has not been deterred [from further criminal behavior] even after having been subjected to the police authority of the State." *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005). *See Speer v. State*, 995 N.E.2d 1, 14 (Ind. Ct. App. 2013) (sentences higher than the advisory not inappropriate based on defendant's extensive criminal history for similar offenses), *trans. denied*. In its sentencing hearing, the trial court noted that Bell had been given opportunities to serve his sentences through probation or participation in rehabilitation programs, but Bell continued to perform criminal acts and had not improved his behavior. Additionally, Bell failed to take advantage of the opportunity to participate in drug court, which would have resulted in complete dismissal of his case upon successful completion.

The petitions to revoke Bell's probation and the petition to terminate Bell's drug court participation all referenced Bell's continued use of illegal drugs, despite his having been provided substance abuse treatment and despite the explicit requirements to not engage in drug related offenses. Accordingly, we cannot say Bell's sentence in excess of the advisory sentence for the possession conviction is inappropriate. *See Littrell v. State*, 15 N.E.3d 646, 652-653 (Ind. Ct. App. 2014) (defendant's inability to complete drug treatment programs, continued use of drugs after treatment was administered during incarceration, and the presence of petitions to revoke defendant's probation, confirm appropriateness of sentence).

## 2. Probation Revocation

We recognize that "probation by its nature is a matter of grace, imposed in lieu of imprisonment--granted in exchange for the defendant's promise to remain law-abiding during his conditional release." *Knapp v. State*, 9 N.E.3d 1274, 1290 (Ind. 2014). Revocation of that grace is a two-step process: first, the court must determine whether a probationer violated a condition of probation; second, the court must decide whether that violation justifies revocation of probation. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied.* If a probationer admits violating probation, "the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation." *Id.* The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

[14] After revocation, the trial court in its discretion may order execution of all or part of a suspended sentence. *Alford v. State,* 965 N.E.2d 133, 135 (Ind. Ct. App. 2012); *see also* Ind. Code § 35-38-2-3(h)(3) (statute governing violation of conditions of probation). Generally, if the trial court follows the procedures outlined in Indiana Code section 35-38-2-3, the trial court properly may order execution of a suspended sentence. *Wann v. State*, 997 N.E.2d 1103, 1106 (Ind. Ct. App. 2013), *reh'g denied.* Sentencing decisions for probation violations are reviewable for an abuse of discretion, which occurs "where the decision is clearly against the logic and effect of the facts and circumstances." *Prewitt v. State,* 878 N.E.2d 184, 187 (Ind. 2007). "[U]ltimately, it is the trial court's discretion as to what sanction to impose" for a probation violation. *Abernathy v. State*, 852 N.E.2d 1016, 1022 (Ind. Ct. App. 2006).

[15] During the sentencing hearing, the trial judge recognized Bell's failed efforts at rehabilitation and Bell's "three prior felony convictions with short jail sentences, probation, time in the Department of Correction, time in the Community Control Program through Community Corrections, the Community Transition Program, . . . parole, and then, ultimately, in the Drug Court Program." (Tr. Vol. II at 52-53.) Specifically, in 2015, Bell's three-year probation sentence for Class D felony receiving stolen property[3] was revoked and he was ordered to serve the three years in the DOC before being released

---

[3] Ind. Code § 35-43-4-2(b).

on parole. (App. Vol. II. at 46.) Failing to recognize that probation is a "favor," Bell violated his probation for Level 6 felony resisting law enforcement by committing an additional Level 6 felony, and then neglected to follow the terms and conditions of the Drug Court Program. It is evident that Bell's actions do not align with the programs' goals and demonstrate disregard for achieving rehabilitation. The trial court was well within its discretion to determine Bell was not a good candidate to remain on probation. *See Cox v. State*, 850 N.E.2d 485, 489-491 (Ind. Ct. App. 2006) (defendant's implied agreement to comply with the terms of his probation authorized the trial court to order execution of the sentence initially suspended, when he violated his probation by "committing another crime and using drugs," despite the original plea agreement). *See also Crump v. State*, 740 N.E.2d 564, 567 (Ind. Ct. App. 2000) (because defendant violated his probation, trial court properly revoked his probation and work release and ordered executed an eight-year sentence in the Indiana Department of Correction).

# Conclusion

Bell's sentence for his drug possession conviction is not inappropriate given that he committed that offense while on probation for a separate, unrelated felony conviction. Bell's lengthy criminal history and failed attempts at maintaining successful probation also indicate his character does not merit modification of his sentence. Finally, based on Bell's repeated probation violations and inability to successfully participate in the Drug Court Program, the trial court

did not abuse its discretion when it ordered Bell to serve his suspended sentence of one year in the DOC rather than on probation. Accordingly, we affirm.

[17] Affirmed.

Riley, J., and Altice, J., concur.