## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Morris W. Haas,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 21, 2020

Court of Appeals Case No.
19A-CR-2809

Appeal from the
Ripley Superior Court

The Honorable
Jeffrey L. Sharp, Judge

Trial Court Cause Nos.
69D01-1902-F6-18
69D01-1902-F6-20
69D01-1906-CM-195
69D01-1908-CM-234
69D01-1908-F6-147

**Kirsch, Judge.**

Morris W. Haas ("Haas"), who was on probation at the time of his offenses, appeals from the trial court's sentencing order imposing a sentence for his new offenses and sentencing him for the revocation of his probation. He raises the following restated issues for our review:

> I. Whether Haas's sentence is inappropriate in light of the nature of the offenses and the character of the offender; and

> II. Whether the trial court abused its discretion when it revoked Haas's probation and ordered him to serve the balance of his previously-suspended sentence in the Indiana Department of Correction ("the DOC").

We affirm.

## Facts and Procedural History

In 2018, a protective order was issued against Haas and in favor of L.D. *Appellant's App. Vol. 2* at 14. On February 6, 2019, L.D. reported to law enforcement that Haas was "at it again[,] yelling at her and saying things[,]" specifically, "You're dead whore." *Id.* at 16. L.D. used her cell phone to create a video and audio recording of the incident. *Id.* On February 11, 2019, Haas was charged under cause number 69D01-1902-F6-18 ("F6-18") with Level 6 felony invasion of privacy[1] for violating the 2018 protective order. *Id.* at 14.

---

[1] *See* Ind. Code § 35-46-1-15.1(a)(1).

[4] On February 7, 2019, C.M. contacted law enforcement to report the unauthorized use of her debit card at a dollar store in the amount of $0.91. *Appellant's App. Vol. 3* at 14. The manager of the store confirmed that Haas used the card to purchase candy. *Id.* On February 15, 2019, Haas was charged under cause number 69D01-1902-F6-20 ("F6-20") with Level 6 felony fraud.[2] *Id.* at 12.

[5] On April 17, 2019, under a Joint Motion in Tender of Conditional Plea Agreement, Haas pleaded guilty to invasion of privacy as a Level 6 felony in F6-18 and to Level 6 felony fraud in F6-20. *Id.* at 33. In F6-18, he was sentenced to two and one-half years, with all but time served suspended to probation. *Appellant's App. Vol. 2* at 44. In F6-20, he was sentenced to two and one-half years, with the entire sentence suspended to probation. *Appellant's App. Vol. 3* at 33.

[6] As part of the terms of his probation under F6-18 and F6-20, Haas was required to attend behavioral therapy program meetings. *Appellant's App. Vol. 2* at 53. However, he failed to attend two meetings. Thus, on May 14, 2019, under F6-18 and F6-20, the State filed separate petitions to revoke Haas's probation. *Id.* On May 15, 2019, the trial court revoked Haas's probation in both cases. *Id.* at 59; *Appellant's App. Vol. 3* at 46. That same day, the trial court revoked ninety days of Haas's suspended sentence in F6-18 but stayed execution of the

---

[2] *See* Ind. Code § 35-43-5-4(1).

sentence pending completion of probation. *Appellant's App. Vol. 2* at 59. The trial court did not revoke any part of the previously-suspended sentence in F6-20. *Appellant's App. Vol. 3* at 46.

[7] On June 25, 2019, law enforcement was at an apartment assisting an elderly woman who was having chest pains when Haas entered the apartment. *Appellant's App. Vol. 4* at 14. The responding officer, who had previously trespassed Haas from the same property, confronted Haas. *Id.* Haas told the officer that he thought the trespass had been "dropped." *Id.* The officer told Haas this was not the case and then arrested Haas. *Id.* On June 27, 2019, under cause number 69D01-1906-CM-195 ("CM-195"), Haas was charged with criminal trespass[3] as a Class A misdemeanor. *Id.* at 8.

[8] On July 2, 2019, in F6-18, and on July 3, 2019, in F6-20, the State filed petitions to revoke Haas's probation, this time alleging that Haas had violated his probation by committing a new offense, that is, criminal trespass in CM-195. *Appellant's App. Vol. 2* at 62; *Appellant's App. Vol. 3* at 47.

[9] While the second set of petitions to revoke Haas's probation were pending, Haas committed another offense – namely, another incidence of Class A misdemeanor criminal trespass. Specifically, on August 5, 2019, the manager of a liquor store saw Haas enter the store and go into an upstairs apartment to

---

[3] *See* Ind. Code § 35-43-2-2(b)(1).

visit the tenant. *Appellant's App. Vol. 5* at 10. The manager contacted the police because Haas had previously been trespassed from the liquor store. *Id.* The following day, Haas was charged with criminal trespass as a Class A misdemeanor under 69D01-1908-CM-234 ("CM-234"). *Id.* at 8.

[10] Also, on August 5, 2019, Haas committed Level 6 felony invasion of privacy when he violated a protective order that was in place against him and in favor of C.M. *Appellant's App. Vol. 6* at 13. Specifically, Haas made contact with C.M.'s son. *Id.* On August 9, 2019, under cause number 69D01-1908-F6-147 ("F6-147"), Haas was charged with invasion of privacy as a Level 6 felony. *Id.* at 10.

[11] On August 20, 2019, in F6-18 and in F6-20, the State filed a third set of petitions to revoke Haas's probation. *Appellant's App. Vol. 2* at 69; *Appellant's App. Vol. 3* at 54. The petitions alleged that Haas violated his probation by committing new offenses. *Id.*

[12] On September 30, 2019, Haas admitted to violating the terms of his probation in F6-18 and F6-20. *Tr.* at 13. Haas also entered a guilty plea to Class A misdemeanor criminal trespass in CM-195 and CM-234 and to Level 6 felony invasion of privacy in F6-147. *Id.* at 14. On October 29, 2019, the trial court held a combined sentencing hearing and revocation hearing on all five cause numbers. *Id.* at 17. The trial court revoked the balance of Haas's suspended sentence in both F6-18 and F6-20. *Id.* at 50-51. He was sentenced to consecutive sentences of 816 days in F6-18; 910 days in F6-20; 180 days in CM-

195; 180 days in CM-234; and 910 days in F6-147 – for a total executed term of 2,996 days.  *Id.*  Haas now appeals.

# Discussion and Decision

# I. Inappropriate Sentence

[13] Haas contends that the three and one-half years executed sentence that he received for the offenses he committed in CM-195, CM-234, and F6-147 is inappropriate in light of the nature of the offenses and the character of the offender.  Pursuant to Indiana Appellate Rule 7(B), this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  We independently examine the nature of Haas's offenses and his character under Appellate Rule 7(B) with substantial deference to the trial court's sentence.  *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015).  "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*.  Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad

other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. Haas bears the burden of persuading us that his sentence is inappropriate. *Id*.

[14] "As to the nature of the offense, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Kunberger v. State*, 46 N.E.3d 966, 973 (Ind. Ct. App. 2015). Here, Haas pleaded guilty to Class A misdemeanor criminal trespass in CM-195 and CM-234 and to Level 6 felony invasion of privacy in F6-147. *Tr.* at 14. A class A misdemeanor carries a sentence of not more than one year. Ind. Code § 35-50-3-2. The sentencing range for a level 6 felony is six months to two and one-half years, with a one-year advisory term. Ind. Code § 35-50-2-7(b). Therefore, the maximum sentence Haas could have received from the trial court was four and one-half years. The trial court imposed a sentence of three and one-half years. Thus, Haas's executed sentence was one year less than the maximum he could have received.

[15] As this court has recognized, the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). The nature of the offense refers to a defendant's actions in comparison with the elements of the offense. *Cardwell*, 895 N.E.2d at 1224. When determining the appropriateness of a sentence that deviates from an advisory sentence, "we consider whether there is anything more or less egregious about the offense as committed by the defendant that 'makes it different from the typical offense accounted for by the legislature when it set the advisory sentence.'" *Moyer v.*

*State*, 83 N.E.3d 136, 142 (Ind. Ct. App. 2017) (quoting *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011)), *trans. denied*.

[16]     Haas maintains that his sentence is inappropriate in light of the nature of the offenses because "there is nothing in the nature of [his] criminal actions that warranted a [three and one-half] years fully executed sentence[,]" and that he was "confused" by the fact that he was charged with the crimes because, at the time he committed the offenses, he did not believe he had broken any laws. *Appellant's Br.* at 14. We are not persuaded. Regarding the criminal trespassing offenses, Haas twice trespassed on properties from which he had previously been trespassed. As for the invasion of privacy offense, Haas made contact with C.M.'s son, knowing that C.M. had a protective order in place against Haas. The nature of Haas's offenses does not merit a shorter term.

[17]     The character of the offender is found in what we learn of the offender's life and conduct. *Perry*, 78 N.E.3d at 13. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). At sentencing, the trial court noted that Haas's criminal history was "atrocious," and "one of the worst criminal histories [the court had] seen." *Tr.* at 49. The presentence investigation report shows Haas to be a career criminal whose offenses began in 1980, when he was nineteen years old, and span four decades and six different states. *Appellant's Conf. App. Vol. 5* at 23-44. He has "at least [twenty-nine misdemeanor] convictions, at least [twenty-six felony] convictions, and [ten] criminal cases which may or may not have resulted in a conviction." *Id.* at 43. His felony

record includes assault, domestic violence, burglary, numerous convictions of theft, dealing in stolen property, obtaining money under false pretenses, forgery, and invasion of privacy. *Id.* at 27-39. His misdemeanor record includes convictions for domestic violence, resisting an officer, criminal mischief, theft, possession of a controlled substance, trespass, and invasion of privacy. *Id.* at 28-39. Haas's record is peppered with probation violations and revocations, which indicate that previous attempts at leniency have failed. *Id.* at 29-40. He committed the offenses in CM-195, CM-234, and F6-147 while on probation. Also, at the time of his sentencing for the instant offenses, Haas had active warrants for his arrest in Ohio, Kentucky, and Pennsylvania. *Id.* at 40-41. The trial court found that Haas "was pretty much a menace to the town of Sunman[, Indiana]. Every person he come[s] in contact with wants a protective order." *Tr.* at 48. Given Haas's lengthy criminal history, we cannot say his sentence is inappropriate in light of his character.

[18] Haas has not shown that his sentence is inappropriate in light of the nature of the offenses and the character of the offender. We, therefore, affirm the sentence imposed by the trial court.

## II. Probation Revocation

[19] Haas next contends that the trial court abused its discretion in revoking his probation and ordering him to serve the remainder of his previously-suspended sentences in F6-18 and F6-20 in the DOC. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled."

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Probation revocation is a two-step process. First, the trial court must determine that a violation of a condition of probation actually occurred. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Second, the court must determine if the violation warrants revocation of probation. *Id*. Where, as here, a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id*. But even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation. *Id*.

> "We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion." *Puckett v. State*, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011) (citing *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006)). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Id*. A defendant cannot collaterally attack the propriety of an original sentence in the context of a probation revocation proceeding. *Id*. However, a defendant is entitled to challenge the sentence a trial court decides to impose after revoking probation. *Id*. (citing *Abernathy*, 852 N.E.2d at 1020 (citing *Stephens v. State*, 818 N.E.2d 936, 939 (Ind. 2004) ("A defendant is entitled to dispute on appeal the terms of a sentence ordered to be served in a probation revocation proceeding that differ from those terms originally imposed."))).

*Johnson v. State*, 62 N.E.3d 1224, 1229-30 (Ind. Ct. App. 2016).

[20] Indiana Code section 35-38-2-3 provides, in relevant part, as follows:

(a) The court may revoke a person's probation if:

(1) the person has violated a condition of probation during the probationary period; and

(2) the petition to revoke probation is filed during the probationary period . . . .

. . . .

(h) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:

(1) Continue the person on probation, with or without modifying or enlarging the conditions.

(2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

[21] Haas admitted to violating the terms of his probation but nonetheless argues that the trial court abused its discretion when it ordered him to serve the remainder of his previously-suspended sentences in F6-18 and F6-20. Haas suggests that his probation should not have been revoked because his

"probation violations were based exclusively on the commission of the three new criminal offenses[,]" none of which "caused harm or were intended to cause harm[;]" he "fully admitted to all criminal conduct and sought the mercy of the trial court[;]" and he was in need of mental health treatment, not incarceration, due to his "untreated mental health issues" and his "fragile mental state[.]" *Appellant's Br.* at 18, 19.

[22]    Here, the record reveals that the trial court had ample basis for its decision to order Haas to serve his previously-suspended sentences in the DOC. Haas was originally sentenced to a term of two and one-half years in both F6-18 and F6-20, with the entirety of both sentences suspended to probation. *Appellant's App. Vol. 2* at 48; *Appellant's App. Vol. 3* at 31. He violated probation by missing two behavioral therapy meetings, and the trial court revoked part of Haas's sentence in F6-18. *Appellant's App. Vol. 2* at 59. Instead of ordering the sentence executed in the DOC, the trial court showed leniency – essentially providing Haas a second chance – by suspending execution of the sentence pending Haas's completion of probation. *Id.* However, after having been afforded a second opportunity to have his sentence suspended to probation, Haas did not refrain from committing additional violations. He again violated the terms of his probation, this time by committing three separate offenses.

[23]    To the extent Haas argues that the trial court failed to consider his guilty plea, his mental health issues, and his need for treatment, we note that, at sentencing, the trial court considered as a mitigating factor Haas's guilty pleas in CM-195, CM-234, and F6-147. *Tr.* at 50. The court considered Haas's mental health

issues but determined that "there has [been nothing] presented to the Court here today to excuse or to show the nexus between the mental health issues and the underlying criminal activity." *Id.* As for treatment, we note that the Indiana prison system offers multiple programs designed to aid and rehabilitate inmates. Based upon the foregoing, and pursuant to the clear language of Indiana Code section 35-38-2-3(h), the trial court acted within its discretion in ordering execution of the remaining balance of Haas's suspended sentences.

Affirmed.

Najam, J., and Brown, J., concur.